**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 22-cv-1486

**LISA BROWN**

       Plaintiff,

v.

**TOWN OF FRISCO, COLORADO**

       Defendant(s).

---

**COMPLAINT AND JURY DEMAND**

---

Comes Now Plaintiff, Lisa Brown, by and through counsel, Sean M. Simeson of Baumgartner Law, LLC, and for her Complaint against the above-named Defendant states as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. At all times relevant hereto, Plaintiff Lisa Brown (hereinafter "Plaintiff") was a resident of the State of Florida, residing in Wakulla County, Florida.

2. At all times relevant hereto, Defendant Town of Frisco (hereinafter "Defendant") was a Colorado home-rule municipality located in Summit County, Colorado. Defendant is and was at all times relevant a political subdivision of the State of Colorado.

3. Venue is proper in the United States District Court for the District of Colorado pursuant to

28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in Colorado.

4. Jurisdiction is founded upon 28 U.S.C. §1332 (diversity of citizenship). The matter in controversy exceeds the value of $75,000, exclusive of interests and costs, and is between citizens of different States.

## II. GENERAL ALLEGATIONS

5. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 4 of this Complaint.

6. Defendant owns, controls, maintains, and profits from the Frisco Adventure Park Tubing Hill located at 621 Recreation Way, Frisco, Colorado 80443. Notably, the tubing hill is on a street named for "recreation".

7. The Frisco Adventure Park Tubing Hill is a public facility within a park and/or recreation area.

8. Defendant aggressively markets its tubing hill to the public as an activity that is "the ideal activity for the whole family."

9. Plaintiff is a resident of Florida and booked a vacation to Frisco, Colorado. She and her family organized a snow tubing excursion for January 31, 2021, at the Frisco Adventure Park Tubing Hill.

10. Plaintiff did not personally sign a waiver or release of liability.

11. Plaintiff was not provided any safety instructions.

12. Plaintiff was not provided with any safety equipment.

13. Plaintiff and her group did not have any experience with snow-tubing and were reasonably relying on the staff at the Frisco Adventure Park Tubing Hill to ensure their safety.

14. Plaintiff went down the tubing hill and came to a stop at the bottom of the hill. As she was walking from the far lane to the exit, she had to traverse several other tubing lanes.

15. As Plaintiff was walking to the exit, another group of patrons came down the hill lashed together and out of control and slammed into Plaintiff.

16. The group of patrons was released from the top of the hill far too early because Plaintiff was still exposed and vulnerable as she walked across the other lanes.

17. Plaintiff was wiped out by the impact, which sent her feet flying into the air and resulted in Plaintiff landing hard on the ice and snow directly on her head.

18. Plaintiff suffered a severe head injury and a broken collar bone due to the collision.

19. Prior to the incident, members of Plaintiff's group noticed employees at the Frisco Adventure Park Tubing Hill were closing early, in a rush, and not paying attention to patrons.

20. The Frisco Adventure Park tubing hill is designed in such a way that forces patrons to walk across four lanes of dangerous traffic.

21. When combined with lackadaisical and careless employees, it is entirely predictable and foreseeable that a patron will inevitably be injured while traversing several lanes of tubers who are being sent down the hill with no regard for who is at the bottom.

22. The safety and security of anybody riding a winter inner tube, and anybody on the premises, is almost entirely dependent on the implementation and maintenance of appropriate safety measures to reduce and/or eliminate the risk of injury to riders and others.

23. Defendant allowed guests to travel down the icy slides linked together in groups, which substantially increases the danger associated with this activity.

24. Defendant allowed guests to travel down the hill without having or following safety procedures for ensuring that other riders had cleared out of the way.

25. Plaintiff was acting in a reasonably prudent manner at the time she was injured. She was wearing appropriate footwear, was following all instructions provided to her, and simply engaging in the activity she had paid for.

26. There were no warnings visible to indicate there was a danger or hazard presented by other tubers at the bottom of the hill.

27. Immediately after the incident, Plaintiff was transported to St. Anthony Summit Medical Center for evaluation and treatment where she was diagnosed with traumatic subarachnoid hemorrhage with loss of consciousness and traumatic closed fracture of the right distal clavicle with minimal displacement.

28. Defendant, at all times relevant, had a duty to maintain and keep the tubing hill referenced herein in a safe condition so as to prevent a hazard to the public.

29. Defendant unreasonably failed to exercise reasonable care in protecting patrons, such as Plaintiff, from the dangerous condition(s) on the tubing hill that it either knew or should have known about.

30. Plaintiff was not comparatively negligent in causing herself to fall.

31. Defendant's actions and/or omissions were the proximate cause of Plaintiff's fall and injuries.

32. As a direct and proximate result of Defendant's breach, Plaintiff suffered, and continues to suffer from, serious physical injuries and damages.

33. As a direct and proximate result of Defendant's breach, Plaintiff suffered economic and non-economic injuries and damages.

34. As a direct and proximate result of Defendant's breach, Plaintiff incurred past and future economic expenses, losses, and damages, including, but not limited to past and future medical expenses, loss of earnings and impairment of earning capacity.

35. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages and losses, including without limitation, medical expenses, permanent physical injury and pain, permanent physical impairment, permanent disfigurement, emotional distress, loss of income in the past and in the future, loss of enjoyment of life, and mental and physical pain and suffering.

36. As a direct and proximate result of Defendant's breach, Plaintiff has suffered, and will continue to suffer, permanent physical impairment and disfigurement.

### III.  CLAIMS FOR RELIEF

#### i.  FIRST CLAIM FOR RELIEF
(*Colorado Governmental Immunity Act Liability*)

37. Plaintiff hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

38. Pursuant to C.R.S. § 24-10-106, a municipality is liable for a "dangerous condition of any…public facility located in any park or recreation area maintained by a public entity."

39. As previously mentioned, Frisco Adventure Park Tubing Hill is a public facility within a

park and/or recreation area. It is undisputed that the Frisco Adventure Park Tubing Hill is a public facility, and it cannot seriously be disputed that it is a recreational area. After all, the tubing hill is located on "Recreation Way."

40. Recreational areas include land that is designed, constructed, designated, or used for recreational activities, such as municipal parks, golf courses, swimming pools, and any other publicly maintained area that is predictably used for recreational activities like snow tubing.

41. As previously mentioned, the Frisco Adventure Park Tubing Hill is controlled and maintained exclusively by Defendant.

42. Defendant owed Plaintiff a duty of care to take reasonable measures to protect patrons, such as Plaintiff, from dangerous conditions of which it knew or ought to have known, including keeping the tubing hill free of unreasonable dangers and/or hazards.

43. Defendant breached its duty of care by unreasonably failing to use ordinary care to make the conditions of the snow tubing hill safe for patrons.

44. A dangerous condition existed on the premises of the Frisco Adventure Park by virtue of the patrons careening down the tubing hill on tubes without adequate instruction or supervision from the town's employees. The tubes used by patrons of the Frisco Adventure Park are a physical condition of the tubing hill that constitute a waiver of the Colorado Governmental Immunity Act, particularly when the tubes are lashed together, and patrons go down in groups, which is what happened in this case.

45. There is an additional dangerous condition of the Frisco Adventure Park in the design of the park. It only permits users to exit on one side of the tubing hill, which results in users having to dodge other patrons as they make their way to the exit. Plaintiff's injuries were a predictable

6

result of this design flaw.

46.     The tubing park is both negligently constructed and negligently supervised and maintained.

47.     The dangerous condition(s) described above no doubt represent an unreasonable risk to the public because, as demonstrated by Plaintiff's injuries, the dangers and/or hazards at the Frisco Adventure Park can and do lead to very serious injuries.

48.     As such, the dangerous condition existing on the premises of the Frisco Adventure Park created a chance of injury, damage, or loss which exceeded the bounds of reason.

49.     Defendant, in the exercise of reasonable care, either knew or should have known that the negligent design and lack of supervision constituted an unreasonable danger to patrons.

50.     The condition(s) described above were evident and known to Defendant because they had exclusive access to, and control over, all parts of the premises.

51.     Defendant's breach was the actual and proximate cause of Plaintiff's fall, which caused extensive economic and noneconomic damages to Plaintiff.

52.     At all relevant times, Plaintiff acted with reasonable care and was not comparatively negligent in causing herself to fall.

53.     Plaintiff's injuries were a foreseeable consequence of Defendant's unreasonable failure to exercise reasonable care to protect patrons against dangerous conditions that it knew or should have known about.

54.     As a direct and proximate result of Defendant's failures and/or negligence, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

7

55. As a direct and proximate result of Defendant's failures and/or negligence, Plaintiff suffered injuries, damages, and losses, including without limitation, permanent physical injury and pain, permanent physical impairment, permanent disfigurement, and loss of income in the past and in the future.

### ii. SECOND CLAIM FOR RELIEF (PRESENTED IN THE ALTERNATIVE)
*(Premises Liability)*

56. Plaintiff hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

57. Defendant was at all times relevant, a "landowner" of the subject premises where the incident complained of herein occurred, as set forth in C.R.S. § 13-21-115, ("Premises Liability Act") and as further defined in *Pierson v. Black Canyon Aggregates, Inc.*, 48 P.3d 1215, 1219 (Colo. 2002), where it was determined a "landowner" for the purposes of the Premises Liability Act to include, without limitation (1) an authorized agent or person in possession of the land; and (ii) a person legally responsible for the activities conducted or circumstances existing on the property.

58. At the time of the subject incident, Plaintiff was an invitee on Defendant's premises as defined by C.R.S. § 13-21-115. Plaintiff remained on Defendant's premises to transact business in which both parties are mutually interested and in response to Defendant's express or implied representation that the public is requested, expected, or intended to enter or remain.

59. Defendant owed a duty to exercise reasonable care to protect invitees, such as Plaintiff, against dangers of which it actually knew or should have known, including keeping the tubing hill in a reasonably safe condition free from unreasonable hazards and/or dangerous conditions.

60. Defendant's above described acts and omissions were in violation of C.R.S. § 13-21-115, which caused Plaintiff to suffer injuries, damages and losses to the extent and in amounts to be proven at trial, and for which Defendants are liable to Plaintiff inasmuch as Plaintiff's damages arose from Defendant's unreasonable failure to exercise reasonable care to protect Plaintiff from dangers Defendant created and/or allowed to exist unabated, and actually knew or should have known about in the exercise of reasonable care.

61. Defendant breached its duty of care by unreasonably failing to use reasonable care to protect invitees, including Plaintiff, against the danger and hazard posed by other snow tubers and of the design flaw in the tubing hill, which was intended for recreational use by customers.

62. Defendant either knew or should have known about the dangerous condition on its premises because Defendant had access to and control over the premises prior to Plaintiff's injury.

63. At all relevant times, Plaintiff acted with reasonable care and was not comparatively negligent in causing herself to fall.

64. Plaintiff's injuries were a foreseeable consequence of Defendant's unreasonable failure to exercise reasonable care to protect invitees against dangerous conditions on its premises.

65. As a direct and proximate result of Defendant's failures and/or negligence, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

66. As a direct and proximate result of Defendant's failures and/or negligence, Plaintiff suffered injuries, damages, and losses, including without limitation, permanent physical injury and pain, permanent physical impairment, permanent disfigurement, and medical expenses in the past

and in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount to be determined that will fully, adequately and justly compensate her for her injuries, past and future medical expenses, past and future loss of income, past and future pain, suffering, and loss of enjoyment of life, together with attorney fees, expert witness fees, court costs, pre-judgment and post judgment interest as provided by statute, and for such other and further relief as the honorable Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE**

Dated this 13th day of June, 2022.

Respectfully submitted,
**BAUMGARTNER LAW, LLC**

 s/ Sean M. Simeson
Sean M. Simeson, Esq.
300 E. Hampden Ave., Ste. 401
Englewood, CO 80113
Phone: (303) 529-3476
Fax: (720) 634-1018
sean@baumgartnerlaw.com

Plaintiff's Address:
c/o Baumgartner Law, LLC
300 E. Hampden Ave., Ste. 401
Englewood, CO 80113