IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01486-RMR-KLM

LISA BROWN,

    Plaintiff,

v.

TOWN OF FRISCO, COLORADO,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Based on Forum Non Conveniens** [#10] (the "Motion"). Plaintiff filed a Response [#25] in opposition to the Motion [#10], and Defendant filed a Reply [#29]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motion [#10] has been referred to the undersigned for a recommendation regarding disposition. *See* [#22]. The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#10] be **GRANTED**.

### I. Background

According to the Complaint [#1], Defendant owns, controls, maintains, and profits from the Frisco Adventure Park Tubing Hill located at 621 Recreation Way, Frisco, Colorado 80443. *Compl.* [#1] ¶ 6. The Frisco Adventure Park Tubing Hill is a public

facility within a park and/or recreation area. *Id.* ¶ 7. Defendant markets its tubing hill to the public as an activity that is "the ideal activity for the whole family." *Id.* ¶ 8.

Plaintiff is a resident of Florida and booked a vacation to Frisco, Colorado. *Id.* ¶ 9. She and her family organized a snow tubing excursion for January 31, 2021, at the Frisco Adventure Park Tubing Hill. *Id.* Plaintiff asserts that she did not personally sign a waiver or release of liability, that she was not provided any safety instructions, and that she was not provided with any safety equipment. *Id.* ¶¶ 10-12. Plaintiff and her group did not have any experience with snow-tubing and were relying on the staff at the Frisco Adventure Park Tubing Hill to ensure their safety. *Id.* ¶ 13. Prior to the incident, members of Plaintiff's group noticed that employees at the Frisco Adventure Park Tubing Hill were closing early, in a rush, and not paying attention to patrons. *Id.* ¶ 19.

Plaintiff went down the tubing hill and came to a stop at the bottom of the hill. *Id.* ¶ 14. The Frisco Adventure Park tubing hill is designed in such a way that forces patrons to walk across four lanes of traffic. *Id.* ¶ 20. As she was walking from the far lane to the exit, Plaintiff had to traverse these other tubing lanes. *Id.* As she was doing so, another group of patrons came down the hill lashed together and out of control and slammed into Plaintiff. *Id.* ¶ 15. The group of patrons was released from the top of the hill too early because Plaintiff was still exposed and vulnerable as she walked across the other lanes. *Id.* ¶ 16. The impact sent Plaintiff's feet flying into the air and resulted in her landing hard on the ice and snow directly on her head. *Id.* ¶ 17. She suffered a severe head injury and a broken collar bone due to the collision. *Id.* ¶ 18. Immediately after the incident, Plaintiff was transported to St. Anthony Summit Medical Center for evaluation and

treatment where she was diagnosed with traumatic subarachnoid hemorrhage with loss of consciousness and traumatic closed fracture of the right distal clavicle with minimal displacement.  *Id.* ¶ 27.

Plaintiff asserts that, when combined with lackadaisical and careless employees, it is entirely predictable and foreseeable that a patron will inevitably be injured while traversing several lanes of tubers who are being sent down the hill with no regard for who is at the bottom.  *Id.* ¶ 21.  She alleges that the safety and security of anybody riding a winter inner tube, and anybody on the premises, is almost entirely dependent on the implementation and maintenance of appropriate safety measures to reduce and/or eliminate the risk of injury to riders and others.  *Id.* ¶ 22.  Defendant allowed guests to travel down the icy slides linked together in groups, which substantially increases the danger associated with this activity.  *Id.* ¶ 23.  Defendant allowed guests to travel down the hill without having or following safety procedures for ensuring that other riders had cleared out of the way.  *Id.* ¶ 24.

Plaintiff states that she was acting in a reasonably prudent manner at the time she was injured.  *Id.* ¶ 25.  She was wearing appropriate footwear, was following all instructions provided to her, and simply engaging in the activity she had paid for.  *Id.*  There were no warnings visible to indicate there was a danger or hazard presented by other tubers at the bottom of the hill.  *Id.* ¶ 26.

As a result, Plaintiff brings two claims against Defendant, seeking damages: (1) Colorado Governmental Immunity Act ("CGIA") liability and (2) premises liability.  *Id.* ¶¶ 37-66.  In the present Motion [#10], Defendant contends that Plaintiff's claims should be

dismissed without prejudice pursuant to the doctrine of *forum non conveniens* so that Plaintiff may file her claims in the appropriate state court pursuant to a liability agreement Defendant asserts that Plaintiff signed.

## II. Standard of Review

"To enforce a forum-selection clause that selects a state or foreign forum, the court may dismiss a claim under the doctrine of *forum non conveniens*." *Almanza v. Gen. Constr. Servs., Inc.*, No. 19-cv-03580-DDD-NRN, 2021 WL 2823228, at *3 (D. Colo. Jan. 29, 2021) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013)). "Because 28 U.S.C. § 1404(a) codifies that common law doctrine for purposes of federal court transfer, 'courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.'" *Almanza*, 2021 WL 2823228, at *3 (quoting *Atl. Marine*, 571 U.S. at 60-61). "Under either analysis, a court may only refuse to enforce a valid forum-selection clause 'under extraordinary circumstances unrelated to the convenience to the parties.'" *Almanza*, 2021 WL 2823228, at *3 (quoting *Atl. Marine*, 571 U.S. at 62). Generally, the defendant bears the burden of showing that dismissal pursuant to forum non conveniens is appropriate. *Rivendell Forest Prods., Ltd. v. Canadian Pac. Ltd.*, 2 F.3d 990, 993 (10th Cir. 1993). However, in cases where a forum-selection clause exists, the plaintiff, as the party opposing the clause, bears the burden of establishing that the clause should be ignored. *Atl. Marine*, 571 U.S. at 63. "In reaching its decision on the validity of the forum selection clause, the Court may consider not only the allegations of the Complaint but also affidavits and other evidence offered by

the parties." *Reed v. Schmitz*, No. CIV-20-37-C, 2020 WL 1664761, at *1 (W.D. Okla. Apr. 3, 2020) (citing *Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014)).

### III.   Analysis

Defendant provides a document titled "Frisco Peninsula Recreation Area: Assumption of Risk and Release of Liability Agreement." *Def.'s Ex. A* [#10-1]. This document includes a clause stating: "The Undersigned agree[s]: . . . (b) this Agreement shall be governed by the laws of the State of Colorado, and the exclusive jurisdiction and venue for any claim shall be located in the state courts located in Summit County, Colorado . . . ." *Id.* The signature on the agreement is illegible, but the printed name appears to be "Lisa Brown," and the agreement is dated "1-31-21," the date of the incident underlying this lawsuit.

"Plaintiff does not dispute the applicability of forum selection clauses generally, or even in this particular case." *Response* [#25] at 3. Plaintiff's only argument is that she never signed the release at issue here, and thus any forum-selection clause found in the generic release is inapplicable to this case. *Response* [#25] at 1; *see also id.* at 4 (citing *Smith v. Multi-Fin. Secs. Corp.*, 171 P.3d 1267, 1272 (Colo. App. 2007) (stating in the context of an arbitration agreement that such an agreement "can be invoked only by a signatory of the agreement, and only against another signatory")). Defendant argues that Plaintiff's counsel's statement in the Response [#25] brief is not evidence, and that such a "bare-bones denial is nothing more than argument in a brief and is insufficient to create a factual issue as a matter of law." *Reply* [#29] at 2 (citing *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (stating that "legal memoranda and oral

argument are not evidence, and they cannot by themselves create a factual dispute"); *Exeter Bancorporation, Inc. v. Kemper Secs. Grp., Inc.*, 58 F.3d 1306, 1312 n. 5 (8th Cir. 1995) ("Statements of counsel are not evidence and do not create issues of fact." (brackets and citation omitted))).

Defendant states that "the liability waiver is prima facie evidence that [Plaintiff] signed the waiver, something that all guests must do."  *Reply* [#29] at 3; *see Liability Agreement* [ #10-1].  In addition, Defendant "tells people in advance that no visitor is permitted to go down the tubing hill unless and until they sign a waiver."  *Def.'s Ex. D, Adventure Park Webpage* [#29-4] at 2 ("PARTICIPATION WAIVER: A participation waiver must be completed before you can tube.  After you've made a reservation, click the button below to complete your participation waiver online.  Please bring a valid ID with you to check in for your reservation.").[1]  Defendant also provides the Declaration of Diane McBride [#29-5], who was the Assistant Town Manager for the Town of Frisco on January 31, 2021.  *See* [#29-5] ¶ 4.  She states that Defendant "has a strict policy in place of requiring guests to execute a liability waiver before they are permitted to use the Frisco Adventure Park Tubing Hill."  *Id.* ¶ 7.  She further states that guests booking online have the option of completing an electronic waiver and verifying their identity by providing an email address.  *Id.* ¶¶ 9-11.  Under these circumstances, a confirmation email is sent to the booking party, reminding them of the need to sign the waiver.  *Id.* ¶ 10.  In addition,

---

[1]  The Court notes that the printout of the webpage is dated October 17, 2022, and there is no obvious indication that the same version of the webpage was in effect on January 31, 2021, the date of the underlying incident and the date when Plaintiff purportedly signed the Liability Agreement [#10-1].  Nevertheless, Plaintiff did not ask to file a surreply to contest the applicability of the webpage on the date in question, i.e., January 31, 2021.

about a week before the reservation date, the booking party receives another email which, among other things, expressly reminds the guest of the requirement that all users must execute the liability waiver. *Id.* ¶ 15. Guests who still arrive at Adventure Park without having signed an electronic waiver are required to sign a paper copy of the waiver. *Id.* ¶ 12. No exceptions to the requirement that all guests sign a waiver are permitted. *Id.* ¶ 14. Based on this information and the record as a whole, including the Liability Agreement [#10-1] itself, the Court finds that Defendant has provided prima facie evidence that Plaintiff signed the Liability Agreement [#10-1].

The Court agrees with Defendant that the unsupported statement by Plaintiff's counsel in the Response [#25] that Plaintiff did not sign the waiver cannot be construed as evidence. *See, e.g., United States v. Woods*, 764 F.3d 1242, 1245, 1247 (10th Cir. 2014) (approvingly citing trial court's jury instruction that "[s]tatements and arguments by counsel are not evidence"). Plaintiff has had plenty of opportunities to provide such evidence, either with her Response [#25] or by seeking leave to file a surreply, with attached evidence such as a declaration or affidavit. Plaintiff also has not asked the Court for an evidentiary hearing. Thus, there is no evidentiary opposition to Defendant's prima facie case currently before the Court, despite Plaintiff having a full and fair opportunity in which to provide such evidence.[2]

---

[2] The only pertinent statement found by the Court in this lawsuit in favor of Plaintiff is an allegation in the Complaint [#1] that "Plaintiff did not personally sign a waiver or release of liability." *Compl.* [#1] ¶ 10. In her Response [#15], Plaintiff does not, however, point to this unsubstantiated allegation in support of her counsel's unsubstantiated statement that Plaintiff did not sign the Liability Agreement [#10-1]. In light of Defendant's uncontradicted opposing evidence and *Atlantic Marine*'s mandate requiring *Plaintiff* to establish that the clause should be ignored, *see* 571 U.S. at 63, the Court finds this lone allegation in the Complaint [#1] to be

Accordingly, based on the foregoing, and given the mandatory language of the forum-selection clause of the Liability Agreement [#10-1], the Court **recommends** that the Motion [#10] be **granted**.

### IV. Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#10] be **GRANTED** and that Plaintiff's claims be **DISMISSED without prejudice**. *See Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 668 (10th Cir. 2020) (stating that dismissal is without prejudice when entered pursuant to the doctrine of *forum non conveniens*).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

insufficient to overcome Defendant's prima face case of the applicability of the Liability Agreement [#10-1] as to Plaintiff's claims.

DATED: January 11, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge